# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SHEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-03255-CV-S-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING TO ALJ

Plaintiff Stephanie Shea seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and her application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Plaintiff, a forty-three-year-old woman, alleges she became disabled as of May 1, 2006, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court remands to the ALJ for further proceedings consistent with this opinion.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the records supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

2

In the instant case, the administrative law judge ("ALJ") found that despite Plaintiff's impairments, Plaintiff was not disabled. Plaintiff argues that: (1) the ALJ improperly determined that she did not meet the requirements of listings §§ 12.04, 12.06, or 12.09; (2) the ALJ failed to properly assess her credibility in accordance with the law; and (3) the ALJ relied on erroneous vocational expert testimony in determining that Plaintiff was capable of performing past relevant work.

**A. Substantial evidence on the record supports the Commissioner's determination that Plaintiff does not meet Listings §§ 12.04, 12.06, or 12.09.**

Plaintiff argues that the ALJ erred in finding that her conditions did not meet the requirements of disability under Listings §§ 12.04, 12.06, or 12.09. According to Plaintiff, an individual meets the requirements of Listings §§ 12.04, 12.06, and 12.09 when she has two "marked" limitation categories or one "marked" limitation category and repeated episodes of decompensation. Because the ALJ found that Plaintiff had "mild" to "marked" limitations in two categories of functioning and had one to two episodes of decompensation, Plaintiff contends this proves that Plaintiff meets the Listings' requirements.

However, Plaintiff's argument is misleading. First, each Listing cited by Plaintiff requires two categories of marked limitations or one category of marked limitation with repeated episodes of decompensation *and* limitations characteristic of affective disorder or anxiety. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04A. Here, Plaintiff has made no effort to prove that she consistently had any of these symptoms, including depressive syndrome, manic syndrome, or bipolar syndrome. Additionally, although the ALJ noted that Plaintiff had "mild" to "marked"

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

limitations in two categories of functioning, he went on to find that Plaintiff's "[m]arked levels did not exist long enough and/or at all skill levels to support listing level impairments." R. at 14. Thus, even though Plaintiff suffered these higher level of mental restrictions, she did not do so for long enough to meet the twelve-month durational requirements of the Act. *Barnhart v. Walton*, 535 U.S. 212 (finding that disability must last at least twelve months).

Finally, Plaintiff does not cite any additional evidence supporting her contention that she sustained marked levels of impairments in any category. For example, during the relevant period, Plaintiff sought few mental health services. In addition, consultative examiner, Frances Anderson, Psyc.D. found that Plaintiff was articulate and well-oriented, with adequate memory function and no more than mild mental limitations. R. at 306-11. Accordingly, the ALJ's determination that Plaintiff's mental impairments do not meet the requirements of Listings §§ 12.04, 12.06, or 12.09 is supported by substantial evidence of record.

**B. The ALJ's credibility assessment is supported by substantial evidence.**

Plaintiff also asserts that the ALJ did not properly apply the factors set forth in the Social Security regulations and *Polaski v. Heckler* in evaluating Plaintiff's subjective complaints of pain, discomfort, and dislocations. 739 F.2d 1320 (8th Cir. 1984).

When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski*, 739 F.2d at 1322). Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch*, 547 F.3d at 935. Lack

Case 6:11-cv-03255-DGK   Document 12   Filed 06/12/12   Page 4 of 8

of objective medical evidence is not a sufficient basis on which to discount a claimant's subjective symptoms, but it is a factor to consider. *Polaski*, 739 F.2d at 1322.

The ALJ had multiple reasons for discrediting Plaintiff's testimony. First, the ALJ discovered that Plaintiff had worked at least part time during the relevant period of alleged disability. For example, during Plaintiff's emergency room visits in 2006 and 2007, she reported that she had been working for Labor Ready where debris from an asphalt shingle lodged in her eye. R. at 17, 212, 237. The ALJ also noted that Plaintiff sought only minimal treatment for her rather extreme alleged physical restrictions. In addition, because there was relatively little treatment evidence, the ALJ relied on a series of consultative examinations which showed that Plaintiff had a normal gait and normal lower body strength, could lift up to 30 pounds, sit for an unlimited period of time, and walk for two hours a days. R. at 262-65, 293. Thus, while Plaintiff testified that she had extreme limitations, including that she could not stand for more than a few minutes, no medical evidence supported such profound limitations.

Like Plaintiff's physical consultative examinations, a psychological consult also revealed that Plaintiff had little treatment history and few limitations. For example, Plaintiff told consultative psychologist Dr. Anderson that she had not sought any mental health treatment since the 1990s. Additionally, Dr. Anderson administered a test to detect symptom exaggeration, finding that Plaintiff's profile was consistent with a "fake bad" attitude, a "conscious attempt to look bad, exaggerate problems, and/or overdramatize issues." R. at 311. Dr. Anderson also found Plaintiff to be sufficiently articulate and well-oriented with adequate memory function.

Plaintiff's final argument is that the ALJ overlooked her alleged "chronic complaints of stomach discomfort" and "bilateral feet swelling." However, Plaintiff's argument fails to take into account the fact that the ALJ found both of these limitations to be severe. R. at 13.

Additionally, contrary to Plaintiff's argument that the ALJ overlooked these impairments in his later analysis, the ALJ explicitly limited Plaintiff's residual functional capacity ("RFC") to a subset of sedentary work, which evidences his consideration for Plaintiff's limitations from stomach discomfort and feet swelling. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). Accordingly, the Court finds the ALJ's credibility assessment clearly articulated and properly supported by the evidence.

### C. The ALJ improperly relied on the Vocational Expert's testimony.

After receiving the hypothetical question from the ALJ, taking into consideration a person of Plaintiff's age, education, skill level, and work history, the vocational expert ("VE") responded that Plaintiff could perform sedentary work found in the national economy, such as production assembler, hand packager, and general clerk. Plaintiff argues that the ALJ erroneously relied on the testimony of the VE in determining that Plaintiff could perform jobs existing in the national economy. Specifically, Plaintiff argues that she cannot perform the jobs listed by the VE because they exceed her residual functional capacity. *See Smith v. Shalala*, 46 F.3d 45 (8th Cir. 1995) (finding that when the testimony of the vocational expert conflicts with the DOT, the DOT controls).

For example, the VE testified that a hypothetical person with Plaintiff's limitations could perform work as a general clerk, classified by the Dictionary of Occupational Titles ("DOT") as requiring a specific vocational preparation ("SVP") level of 3, despite Plaintiff's limitation to only simple work, requiring an SVP level of 1 or 2. Additionally, despite Plaintiff's limitation to sedentary work, the VE testified that Plaintiff could perform jobs as a hand packager and production assembler which require lifting/carrying up to fifty and twenty pounds respectively. Finally, the VE testified that Plaintiff could perform the job of production assembler, even

though the position requires the use of hand or power tools, a limitation explicitly imposed by the ALJ.

Defendant, on the other hand, maintains that the DOT lists the maximum job requirements, not the range of requirements necessary for the position. *See Page v. Astrue*, 484 F.3d 1040, 1045 (8th Cir. 2007). Additionally, Defendant maintains that the DOT does not control, and that the Commissioner may consider both the DOT and the testimony of the VE, requiring the VE to explain, on the record, any conflict between her testimony and the DOT job definition. SSR 00-04p. Defendant contends that the ALJ properly asked the VE whether her testimony was consistent with the DOT, and the VE adequately explained that the DOT did not include all of the types of restrictions posed by the hypothetical and thus she had relied on other job publications such as the Selection Occupational Characteristics. R. at 57, 60.

Defendant's characterization of events is not entirely accurate. Although the ALJ did ask the VE whether her testimony was consistent with the DOT, the VE did not explain the inconsistencies Plaintiff brings to light.

> ALJ: Is your testimony, Ms. Crawford, consistent with the <u>DOT</u>?
> VE: My testimony is consistent. There were some parts of the hypothetical that it did not address but it was consistent, it just didn't address it, sir.
> ALJ: Did it conflict with the <u>DOT</u>?
> VE: No, sir.

Social Security Regulation 00-4p "imposes an affirmative duty *on the ALJ* to inquire into and resolve apparent conflicts" between evidence provided by the VE and the DOT and "a claimant's failure to raise a possible violation of SSR 00-4p at the administrative level does not forfeit the right to argue later that a violation occurred." *Overman v. Astrue*, 546 F.3d 456 (7th Cir. 2008) (emphasis in original). Because the ALJ relied upon the VE's testimony in making his determination that Plaintiff could perform work that exists in significant number in the

7

national economy without resolving why such testimony conflicted with the DOT, the Court remands for further proceedings on this matter.

**Conclusion**

After careful examination of the record as a whole, the Court remands to the ALJ for further consideration consistent with this decision. Although the ALJ may still reach the conclusion that Plaintiff is not entitled to disability benefits under 42. U.S.C. § 401, *et seq*. and 42 U.S.C. §§ 1381, *et seq.*, the ALJ must ascertain, on the record, the reason the VE's testimony differs from the requirements in the DOT.

**IT IS SO ORDERED.**

Date:  June 12, 2012                    /s/ Greg Kays                              
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT

8